1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOSEPH A. RODRIGUEZ,                    )
                                        )
                        Plaintiff,      )          Case No. 2:09-cv-00506-JCM-GWF
                                        )
vs.                                     )          **ORDER and FINDINGS**
                                        )          **AND RECOMMENDATIONS**
AMERICAN POSTAL WORKERS UNION,          )
AFL-CIO,                                )
                        Defendant.      )
_____)

        This matter is before the Court on Plaintiff's Amended Complaint (Dkt. #5), filed May 6, 2009.

## BACKGROUND

        Plaintiff is a former U.S. Postal Service employee who alleges that he was terminated from his position with the United States Post Office ("Post Office") due to discriminatory policies in violation of 29 U.S.C. §§ 621-634 and 42 U.S.C. §§ 2000e - 2000e17. (Dkt. #5). The Amended Complaint alleges that Defendant American Postal Workers Union ("APWU") permitted the Post Office to use a "Last Chance Agreement" for Hispanic workers and workers over the age of fifty (50), which is allegedly in contravention of the APWU national agreement. (Dkt. #5 at 5). Plaintiff states that he had a good performance record as an employee with the Post Office for twenty-two (22) years, but that when he turned forty-nine (49) he was asked to sign a Last Chance Agreement, which Plaintiff alleges is an agreement reserved for poorly-performing employees. (*Id.*) In addition, Plaintiff states that the APWU failed to represent Plaintiff in disciplinary hearings as part of Defendant APWU's policy of assisting the Post Office to eliminate employees who are close to retirement. (*Id.*)

1    Based on these allegations, on March 16, 2009, Plaintiff filed an Application to Proceed *In*

2    *Forma Pauperis* (Dkt. #1) and attached a Civil Rights Complaint pursuant to 42 U.S.C. § 1983

3    (Dkt. #4).  The Court granted Plaintiff *in forma pauperis* status for this action.  (Dkt. #3).

4    However, the Court dismissed Plaintiff's § 1983 Civil Rights Complaint without prejudice for

5    failure to state a claim upon which relief could be granted.  (*Id.*)  Plaintiff's Complaint named the

6    AFWU as a defendant, but failed to demonstrate that Defendant constituted a state actor who could

7    be sued under § 1983.  (*See* Dkt. #4).  The Court granted Plaintiff leave to amend his complaint.

8    (Dkt. #3).  In response, Plaintiff filed the present Amended Complaint (Dkt. #5), which alleges

9    that the AFWU's actions constitute age discrimination as prohibited by

10   29 U.S.C. §§ 621-634 and racial discrimination as prohibited by 42 U.S.C. §§ 2000e - 2000e17.

11                                      **DISCUSSION**

12    Pursuant to 28 U.S.C. § 1915(e), the Court must screen a complaint when the Plaintiff is

13   proceeding *in forma pauperis*.  Specifically, federal courts are given the authority to dismiss a case

14   if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

15   granted, or seeks monetary relief from a party who is immune from such relief.  28 U.S.C. §

16   1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon

17   which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts

18   in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791,

19   794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent

20   legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

21   Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level

22   of the irrational or the wholly incredible, whether or not there are judicially noticeable facts

23   available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court

24   dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint

25   with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

26   deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th

27   Cir. 1995).

28   **. . .**

                                             2

## I.       Age Discrimination Claim

Under 29 U.S.C. § 623(c), a labor organization may not discriminate based on a member's age or cause an employer to discriminate based on an employee's age.  Plaintiff's Amended Complaint states that Defendant APWU has a policy of discriminating against union members that are approaching retirement and assisted the Post Office in dismissing these members as employees. (Dkt. #5 at 5).  In support of this allegation, Plaintiff states that he worked for the Post Office for twenty-two (22) years and had a good employee performance rating.  (*Id.*)  However, when Plaintiff turned forty-nine (49), the Post Office allegedly forced Plaintiff to sign a Last Chance Agreement, which Plaintiff alleges is an agreement reserved for poorly-performing employees.  (*Id.*)  According to the Amended Complaint, Defendant APWU failed to represent Plaintiff in the negotiation of the Last Chance Agreement and failed to defend Plaintiff in subsequent disciplinary meetings.  (*Id.*)  Plaintiff alleges that these failures to protect Plaintiff as a union member is representative of Defendant APWU's discriminatory policy to not support or defend union members nearing retirement.  (*Id.*)  The Court finds Plaintiff has stated sufficient allegations to pursue a claim for age discrimination under 29 U.S.C. § 623(c).

## II.      Race Discrimination Claim

42 U.S.C. § 2000e-2(c) prohibits a labor organization from discriminating, or causing an employer to discriminate, based on a union member's race.  Plaintiff's Amended Complaint claims that Defendant APWU discriminated against him on account of his being Hispanic.  However, Plaintiff states no allegations to support his claim that racial bias motivated Defendant APWU's decision not to assist Plaintiff in the negotiation of the Last Chance Agreement or defend him in subsequent disciplinary meetings.  (*See id.*)  The Amended Complaint alleges that the actions or inactions of Defendant APWU were the result of a policy to not support members who were nearing retirement, but contains no allegations that the union had a similar policy for persons of Hispanic decent.  (*See id.*)  As a result, Plaintiff has failed to provide a sufficient basis to bring a claim under 42 U.S.C. § 2000e-2(c).  The Court will recommend that Plaintiff's racial discrimination claim be dismissed with prejudice as the Court has previously granted Plaintiff leave to amend and Plaintiff has been unable to cure the deficiencies in this claim.

3

1

### III.   Defendant AFL-CIO

2       It appears to the Court that a clerical error has led to the AFL-CIO being named as a

3  defendant in this matter.  In Plaintiff's Complaint (Dkt. #4) and Amended Complaint (Dkt. #5),

4  Plaintiff refers to the "American Postal Workers Union, AFL-CIO" as a defendant.  As Plaintiff's

5  Complaint and Amended Complaint never discuss the AFL-CIO or its officers as being involved

6  in the subject events leading to the filing of this lawsuit, the Court interprets Plaintiff's phrasing

7  "American Postal Workers Union, AFL-CIO" as naming the APWU as a defendant by including

8  the APWU's membership in the AFL-CIO as part of APWU's name.  (Dkt. #s 4-5).  The Court

9  will order that the AFL-CIO be dismissed without prejudice as a defendant to this action.

10      The screening of Plaintiff's Amended Complaint (Dkt. #5) pursuant to 28 U.S.C. § 1915(e)

11  has been completed.  Accordingly,

12      **IT IS HEREBY ORDERED** that Plaintiff has alleged a viable cause of action and may

13  pursue his age discrimination claim pursuant to 29 U.S.C. § 623(c) against Defendant American

14  Postal Workers Union.

15      **IT IS FURTHER ORDERED** that Defendant AFL-CIO is **dismissed** from this action

16  without prejudice.

17      **IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to

18  Defendant American Postal Workers Union and deliver same to the U.S. Marshal for service.

19      **IT IS FURTHER ORDERED** that Plaintiff shall have twenty (20) days in which to furnish

20  to the U.S. Marshal the required Form USM-285.  Within twenty (20) days after receiving from

21  the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished,

22  Plaintiff must file a notice with the Court identifying whether defendant was served.  If Plaintiff

23  wishes to have service again attempted on an unserved defendant, then a motion must be filed with

24  the Court identifying the unserved defendant and specifying a more detailed name and/or address

25  for said defendant, or whether some other manner of service should be attempted.  Plaintiff shall

26  complete service upon Defendant within one hundred twenty (120) days from the date that this

27  Order is entered.

28  . . .

4

1    **IT IS FURTHER ORDERED** that, after Defendant, or counsel for Defendant, makes an

2    appearance in this action, Plaintiff must serve upon Defendant or their counsel if counsel has

3    appeared, a copy of every pleading, motion, or other document submitted for consideration by the

4    court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the

5    date that a true and correct copy of the document was mailed to the defendant(s) or his counsel.

6    The court may disregard any paper that does not include a certificate of service.

7    **IT IS FURTHER ORDERED** that, henceforth, any paper submitted to the court by

8    Plaintiff shall be submitted to the Clerk's office for filing.  The court may disregard any paper

9    received by a District Judge or Magistrate Judge that has not been filed with the Clerk.

## RECOMMENDATION

11    **IT IS HEREBY RECOMMENDED** that Plaintiff's racial discrimination claim pursuant to

12    42 U.S.C. §§ 2000e - 2000e17 be dismissed with prejudice due to Plaintiff's failure to state

13    sufficient allegations in support his claim that Defendant APWU discriminated against him on the

14    basis of race, the Court's previous granting of leave to amend the Complaint and Plaintiff's failure

15    to cure the deficiencies in his racial discrimination claim.

## NOTICE

17    Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be

18    in writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held

19    that the courts of appeal may determine that an appeal has been waived due to the failure to file

20    objections within the specified time. *Thomas v. Arn,* 474 U.S 140, 142 (1985).  This circuit has

21    also held that (1) failure to file objections within the specified time and (2) failure to properly

22    address and brief the objectionable issues waives the right to appeal the District Court's order

23    and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153,

24    1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

25    DATED this 10th day of December, 2009.

*George Foley Jr.*

**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**