# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH A. RODRIGUEZ, | |
| Plaintiff, | Case No. 2:09-cv-00506-JCM-GWF |
| vs. | **ORDER** |
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, | |
| Defendant. | |

To date, Plaintiff has failed to demonstrate that service has been effected upon Defendant. On May 20, 2010, the Court issued an order that Plaintiff show cause on or before June 21, 2010 why the Court should not recommend that his Amended Complaint (#5) be dismissed due to failure to effect service upon Defendant in compliance with Fed.R.Civ.P. 4(m). Plaintiff filed a response on June 16, 2010 and explained that he attempted to serve the amended complaint, but the Marshal's office informed him that due to a backlog, the amended complaint and summons have not yet been served. (#12). As a result, the Court ordered that Plaintiff should effect service of the amended complaint on or before July 22, 2010. (#13). On June 21, 2010, the Marshal's Service attempted service on Defendant American Postal Workers Union ("APWU") by asking a secretary in the general counsel's office to accept service on behalf of Defendant. (#14). The secretary refused service and the Marshal's Office filed a process receipt indicating that service had not been effected. (*Id.*)

Under the service provisions of the Labor Management Relations Act, 29 U.S.C.A. § 85(d), and the Labor-Management Reporting and Disclosure Act, 29 U.S.C.A. § 525, effective service upon a union may be made only by serving the union's "officer or agent" in his official capacity. *See also Nat'l Org. Masters, Mates and Pilots of America v. Banks*, 196 F.2d 428 (5th Cir. 1952)

(finding service of process upon an employee of the union who was not a union member did not constitute proper service). Upon review of the Marshal's Process Receipt, it appears that Plaintiff directed the marshals to serve the APWU, rather than a specific officer of the union. (*See* #14). Plaintiff did indicate that the service of process should be brought to the attention of then President of the APWU, William Burrus. (*See id.*) However, Plaintiff did not indicate that Mr. Burrus was the individual that should be served or that he should be served in his official capacity as then President of the APWU. As a result, service was not effected.

The Court will provide Plaintiff one more opportunity to effect service on Defendant APWU as directed by the Labor Management Relations Act and the Labor-Management Reporting and Disclosure Act. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall effect service of the amended complaint (#5) as discussed above on or before **March 4, 2011**. Failure to comply with this Order will result in a recommendation to the District Judge that Plaintiff's Amended Complaint be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a new USM-285 form and instructions to Plaintiff at the address currently on file for Plaintiff.

DATED this 5th day of January, 2011.

**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**